UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 JAN 18 P 3: 45
US DISTRICT COURT
HARTFORD CT

WILLIAM J. McKINNEY,      :
  plaintiff,              :
                          :   PRISONER
      v.                  :   CASE NO. 3:11-cv-1971(AVC)
                          :
DR. MARK A. FRAYNE, et al.,  :
  defendants.             :

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983 (2000). He names as defendants Drs. Mark A. Frayne and Gerald Gagne, Health Services Administrator Richard Furey and Warden Maldonado. He seeks damages and injunctive relief. The plaintiff asserts claims for deliberate indifference to his serious mental health needs and unconstitutional conditions of confinement.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, in 2007, pursuant to a settlement agreement in a case between the Office of Protection and Advocacy and the Department of Correction, he was determined to be mentally ill and transferred from Northern Correctional Institution ("Northern") to Garner Correctional Institution ("Garner") and told that he would never return to Northern. After an incident with correctional staff at Garner, the plaintiff was returned to Northern.

The plaintiff also contends that the defendant, Gagne, changed his medication when he returned to Northern and that the defendants, Gagne and Frayne, ignored the plaintiff's complaints that his mental illness was exacerbated by the conditions at Northern. The plaintiff has attempted to commit suicide several

times, most recently on October 19, 2011.  The defendants will not permit the plaintiff to view his medical file.  While confined at Northern, the plaintiff is subject to strip searches whenever he leaves his cell and is required to shower while in handcuffs and shackles.  He also states that he was placed on punitive segregation for two months.  The plaintiff contends that the defendant, Maldonado, was aware of all of the plaintiff's allegations because he sent the warden one inmate request.[1]

The settlement agreement referenced by the plaintiff specifically provides as follows:

> This agreement does not confer, and is not intended to confer, any rights upon any other party.  The parties to this agreement expressly acknowledge that there shall be no third party beneficiaries to this agreement.

See State of Connecticut Office of Protection and Advocacy, et al. v. Wayne Choinski, et al., No. 3:03cv1352(RNC) (D. Conn. Sept. 26, 2005) (Settlement Agreement, Doc. #74, Attachment 1, §A, ¶14).  Because the settlement agreement confers no rights on any inmate, it does not support a claim that the plaintiff was improperly transferred to Northern.

Inmates have no constitutionally protected right to be confined in any particular correctional facility or housing unit. See Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (holding that inmates have no right to be confined in a particular state or a

---

[1] The plaintiff notes on the copy of the request that he did not receive a response.

particular prison within a given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (recognizing that transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules"). Thus, the plaintiff has no constitutionally protected right to be free from transfer to Northern. The claim for improper transfer, including the plaintiff's request for preliminary injunction with respect to his transfer, is dismissed pursuant to 28 U.S.C. § 1915A.

The defendant, Furey, is a Health Services Administrator, not a psychiatrist or psychologist. Thus, he does not provide mental health treatment. The only allegation against Furey is that he refused to permit the plaintiff to view his medical file. An inmate has no constitutional right to see his prison file. See Harris v. Simmons, 848 F.2d 191 (6th Cir. 1988); Dozier v. Champion, No. 5:06-CT-3041-H, 2005 WL 6326926, at *2 (E.D.N.C. May 13, 2005) (dismissing claim that nurse failed to provide copies of medical records because inmates had no constitutional right to their prison files). The claim against Furey is, therefore, dismissed pursuant to 28 U.S.C. § 1915A.

Finally, the plaintiff alleges that the defendant, Maldonado, was aware of the plaintiff's complaints because he sent Maldonado an inmate request, to which the plaintiff received no response. Maldonado is a supervisory official. His receipt

of an inmate request complaining about unconstitutional conduct is insufficient to demonstrate his involvement in the claim. See Brooks v. Chappius, 450 F. Supp. 2d 220, 225 (W.D.N.Y. 2006). Even a general denial of a grievance is insufficient. See id. at 226 (noting that the official's response must be detailed and specific to support his personal involvement). The plaintiff has not alleged any facts demonstrating that Maldonado was involved in or aware of his complaints. Accordingly, the claims against Maldonado are dismissed pursuant to 28 U.S.C. § 1915A.

The court concludes that the remaining claims against the defendants, Frayne and Gagne, for deliberate indifference to the plaintiff's serious mental health needs and failure to ensure that his conditions of confinement did not exacerbate his mental illness, will proceed at this time.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims regarding the plaintiff's transfer to Northern and all claims against the defendants, Furey and Maldonado, are **DISMISSED** pursuant to 28 U.S.C. § 1915A. The clerk is directed to terminate Health Care Administrator Furey and Warden Maldonado as defendants in this case.

(2) **The Pro Se Prisoner Litigation Office shall** verify the current work addresses for each of the remaining defendants, Drs. Frayne and Gagne, and mail waiver of service of process request

packets to each of them within **fourteen (14) days** of this order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants, Frayne and Gagne, in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(6) **The remaining defendants shall** file their response to

the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the federal rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

Entered this 17th day of January 2012, at Hartford, Connecticut.

/s/
Alfred V. Covello
United States District Judge