UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. McKINNEY,
  plaintiff,

v.

DR. MARK A. FRAYNE, et al.,
  defendants.

PRISONER
CASE NO. 3:11-cv-1971(AVC)

## RULING ON MOTION FOR RECONSIDERATION

In the initial review order, dated January 18, 2012, the court denied the plaintiff's request for immediate injunctive relief in the form of a transfer to another correctional facility. The plaintiff also seeks this relief in his motion for preliminary injunction. Accordingly, that motion is denied for the reasons stated in the court's previous order. In addition, the plaintiff seeks reconsideration of the court's determination that an immediate transfer is not warranted.

The court will grant a motion for reconsideration under limited circumstances. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court has already decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

The plaintiff directs the court to the exhibits attached to his motion for preliminary injunction which include his mental health evaluation from January 2005, the custodial and mental health management plan for the plaintiff created in October 2007, when he was returned to Northern Correctional Institution, and an update of this plan from January 2008. These plans indicate that the plaintiff has a serious mental illness that warrants mental health treatment at a facility other than Northern. When the plaintiff was returned to Northern, however, it was under the exception for dangerous inmates. The update to the management plan shows that the plaintiff was being successfully managed at Northern with improvement in impulse control and that he was not resorting to self-destructive behavior. The information the plaintiff asks the court to review does not support his assertion that he must be transferred because he cannot be managed at Northern Correctional Institution.

The plaintiff also attached additional exhibits to his motion for reconsideration. Although the function of a motion for reconsideration is not to consider evidence not previously submitted, the court notes that, even if the additional exhibits had been attached to the complaint, the court's decision would not have changed. The exhibits show that Dr. Gagne diagnosed the plaintiff with antisocial personality disorder and borderline personality disorder rather than bipolar disorder and

schizophrenia.  This diagnosis, however, does not necessitate that the plaintiff be confined somewhere other than Northern Correctional Institution.  Further, the plaintiff characterizes Exhibit D as acknowledging his history of suicide attempts and showing that staff felt he should be transferred.  The document does acknowledge the plaintiff's history of suicide attempts.  However, it also notes no current suicidal ideation and opines that the plaintiff was a low risk for a potentially serious suicide attempt.  Doc. #11, Ex. D.  Thus, the additional exhibits do not support the plaintiff's opinion that he must be transferred immediately.

## CONCLUSION

The plaintiff's motion for preliminary injunction [**Doc. #4**] was denied in substance by the initial review order and is hereby **DENIED**.  The plaintiff's motion for reconsideration [**Doc. #11**] of the denial of his request for transfer to another correctional facility is **DENIED**.

**SO ORDERED** this 4th day of April 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello
United States District Judge