UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM J. McKINNEY,
  plaintiff,

  v.

DR. MARK A. FRAYNE, et al.,
  defendants.

:
:
:      PRISONER
:   CASE NO. 3:11-cv-1971(AVC)
:
:
:

### RULING ON PLAINTIFF'S LETTER/MOTION TO AMEND [Doc. #23]

By ruling dated April 23, 2012, the court advised the plaintiff that he must submit a proposed amended complaint with any future motions to amend. See Doc. #21. The plaintiff has ignored this instruction and submitted a letter, which the court considers as a motion to amend without the required proposed amended complaint. Accordingly, the motion to amend is denied.

In addition, even if the motion were in proper form, it should be denied. Amendment is governed by Rule 15(a), Fed. R. Civ. P. The court must consider, pursuant to Rule 15(a), whether the opposing party would be prejudiced by the proposed amendment. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Where a party seeks to add an additional claim, evaluation of prejudice requires the court to consider whether the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

In his motion, the plaintiff asks to reassert claims against Dr. Frayne and to add Captain Cahill as a defendant. In April 2012, the plaintiff filed a motion to withdrew all claims against Dr. Frayne and dismiss him as a defendant. The court granted this motion on June 21, 2012. See Docs. ##16, 22. The defendants have attached to their opposition papers excerpts from the plaintiff's May 16, 2012 deposition where he repeatedly expresses his intent to withdraw all claims against Dr. Frayne. See Doc. #25. Counsel states that she relied on the plaintiff's representation and did not question him on any claims against Dr. Frayne. Thus, the defendant would be prejudiced by permitting the proposed amendment.

The plaintiff asserts two claims in this action: the defendants' failure to provide mental health treatment and the fact that the conditions of confinement at Northern Correctional Institution exacerbate his mental illness. The claims he describes in his letter/motion are specific allegations against Captain Cahill and Dr. Frayne. The amendment alleges that Captain Cahill is harassing the plaintiff in various ways and is influencing Dr. Frayne's treatment decisions. These allegations are different from the claims in the original complaint. The discovery period in this case will conclude shortly. If the

court were to allow the plaintiff to amend his complaint to add these new claims, the discovery period would necessarily be extended and resolution of this case would be delayed. The court concludes that amendment should not be permitted in this case.

The plaintiff's letter/motion to amend [**Doc. #23**] is **DENIED**.

**SO ORDERED** this 29th day of August 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge